**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUAVIS K. WILLIAMS,** | ) | **CASE NO.  4:14 CV 1653** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **A. LAZAROFF,** | ) | |
| | ) | |
| **Respondent.** | ) | |

        This case is before the Court upon the Report & Recommendation of Magistrate Judge

Kathleen B. Burke ("R&R").  (**Doc #: 17**.)  The Magistrate Judge recommends that the Court

dismiss in part and deny in part Petitioner Jacquavis K. Williams' habeas corpus petition

pursuant to 28 U.S.C. § 2254.  (**Doc #: 1**.)  The Court has reviewed the R&R and Petitioner's

Objection etc. (Doc #: 19) and is prepared to issue a ruling.

**I.**

        Petitioner has been found guilty by a state court jury of one count of felonious assault and

one count of aggravated robbery, each with a firearm specification.  The trial court sentenced

Williams to seven years on each count and three years on each firearm specification, all of which

are to be served consecutively, for an aggregate prison term of 20 years.

        Petitioner sets forth three grounds for relief.  The Magistrate Judge has found that

Grounds One and Two are not cognizable, and Ground Three fails on the merits.  Petitioner

objects only to the Magistrate Judge's conclusions with respect to Grounds One and Three.

In Ground One, Williams argues that his Fourth Amendment rights were violated when his conversation with his mother was recorded at the police station and that the state trial court erred when it denied his motion to suppress.  The state appeals court reviewed this claim on direct appeal and found that the denial of the motion to suppress was an error, but that the error was harmless.  The Magistrate Judge correctly noted that, where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, there is no Fourth Amendment violation.  Moreover, a habeas petitioner's claim that a state appellate court improperly found a Fourth Amendment violation to be harmless "does not have a separate identity and may not be raised in a habeas petition in federal court."  (R&R at 14 (citing *Gilmore v. Marks*, 799 F.2d 51, 55 (3d Cir. 1986).)

Petitioner re-argues that the trial court erred in not suppressing the statements; therefore, the interrogation room video should not have been played at his trial.  (Doc #: 19 at 2.)  The state appeals court agreed with Petitioner, but found the error harmless.  A habeas petitioner's claim that a state court improperly found a Fourth Amendment violation to be harmless may not be raised in a habeas petition in federal court.  *Gilmore*, 799 F.2d at 55.

In Ground Three, Williams argues that the two offenses of which he was convicted are allied offenses of similar import and should have been merged pursuant to Ohio law.  The failure to do so, he continued, violated the Double Jeopardy clause.  He makes the same argument in his Objection.  Suffice to say that the evidence showed that Petitioner shot the victim before he demanded money.  For reasons stated by the state appeals court and the Magistrate Judge, the Court finds that this objection is meritless.

## II.

Based on the foregoing, the Court **OVERRULES** the objections (**Doc #: 19**), **ADOPTS**

the thorough and well-written R&R (**Doc #: 17**), and **denies in part and dismisses in part** the

habeas petition (**Doc #: 1**).

**IT IS SO ORDERED.**


 */s/ Dan A. Polster    February 4, 2016 
**Dan Aaron Polster**
**United States District Judge**